| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Ruth E. Rodriguez Borges on behalf of her minor child AGOR | **DEFENDANTS** <br> Debtor Manuel A. Domenech Rodriguez <br> Chapter 7 Trustee Wigberto Lugo Mender |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Luis A. Melendez Albizu, Esq. <br> 117 Ave. De Diego, Urb. San Francisco <br> San Juan, P.R. 00927-6310 <br> Tel. (787) 758-1549 | **ATTORNEYS** (If Known) <br> William Davila de Pedro, Esq. <br> Midtown Bldg. Suite 311 <br> 420 Ponce de Leon, San Juan, P.R. 00918 <br> Tel. (787) 759-8090 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaration, Adjudication, Collection, enforcement and Declaration of Non-Discharge of Domestic Support obligation.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☒ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 80,700.00 |

Other Relief Sought  Plus interests, mandatory attorneys fees, and enforcement of state Judgment through contempt.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Manuel A. Domenech Rodriguez | BANKRUPTCY CASE NO. 10-05835 (BKT) |||
| DISTRICT IN WHICH CASE IS PENDING Puerto Rico | DIVISION OFFICE — || NAME OF JUDGE Tester |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF N/A | DEFENDANT N/A || ADVERSARY PROCEEDING NO. N/A |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) [signature] ||||
| DATE Aug. 19, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Luis A. Melendez Albizu |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH<br><br>Debtor | BKRTCY. CASE NO. 10-05835 (BKT)<br><br>CHAPTER 7 |
| RUTH E. RODRÍGUEZ BORGES on behalf of minor daughter A.G.D.R.<br><br>Plaintiff<br><br>vs.<br><br>MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH; WIGBERTO LUGO MENDER<br><br>Defendant | ADV. PRO. NO. 10- |

**COMPLAINT FOR DECLARATION, ADJUDICATION, COLLECTION, ENFORCEMENT, AND DECLARATION OF NON-DISCHARGE OF DOMESTIC SUPPORT OBLIGATION**

TO THE HONORABLE COURT:

Plaintiff Ruth E. Rodríguez Borges on behalf of her minor daughter A.G.D.R. through her undersigned counsel, and respectfully states, alleges and prays:

**I. JURISDICTION AND VENUE**

1. This Honorable Court has exclusive jurisdiction of the instant "core proceeding" "arising in or related to a case under title 11", pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) & (b)(1) & (b)(2)(A), (B), (I), (J) & (O) and Fed. R. Bankr. P. 7001. Moreover, the "domestic relations exception"

to federal jurisdiction does not apply to the present Complaint, since the present case seeks the enforcement in bankruptcy court of a pre-petition child support obligation of the debtor previously ordered by a State Court, as permitted by **Barber v. Barber**, 21 How. 582 (1859), and as subsequently interpreted in **Ankenbrandt v. Richards**, 504 U. S. 689 (1992) and **Marshall v. Marshall**, 547 U.S. 293 (2006), as well as a declaration, allowance and enforcement of Plaintiffs' claim as a priority and non-dischargeable claim in bankruptcy as per 11 U.S.C. §§ 502(b), 507(a)(1), and 523(5) & (15).

2. This Honorable Court has venue pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

3. Plaintiff Ruth E. Rodríguez Borges ("Mrs. Rodríguez" or "Plaintiff") is the former spouse of Debtor/Defendant Manuel Antonio Domenech Rodríguez aka Manuel Antonio Domenech, and the mother and custodial parent with *patria potestas* of A.G.D.R., the minor child of Debtor/Defendant Manuel Antonio Domenech Rodríguez aka Manuel Antonio Domenech. Plaintiff and her minor daughter reside in #1670 Verbena St., Urbanización San Francisco, San Juan, P.R. 00927, and a Creditor in the above captioned Chapter 7 proceeding.

4. Defendant Manuel Antonio Domenech Rodríguez aka Manuel Antonio Domenech ("Mr. Domenech" or "Defendant") is the Debtor in the above captioned case, the former spouse of Plaintiff Mrs. Rodríguez, and the father of A.G.D.R. Defendant Mr. Domenech resides in Apt. 14-D Condominio El Paraiso, #1560 Paraná St., San Juan, P.R. 00926.

5. Defendant Wigberto Lugo Mender is a nominal party being sued in his official capacity as the Chapter 7 Trustee assigned to Debtor Mr. Domenech's Chapter 7 bankruptcy case. Defendant Chapter 7 Trustee has main offices located at Lugo Mender & Co., Centro Internacional de Mercadeo, Carr. 165 Torre 1, Suite 501, Guaynabo, P.R. 00968. Tel. (787) 707-0404.

## III. AVERMENTS TO ALL CAUSES OF ACTION

6. Plaintiff hereby reasserts the averments contained in Paragraphs 1-5.

7. Plaintiff Ruth E. Rodríguez Borges and Defendant Debtor Manuel Antonio Domenech Rodríguez were married in 1984.

8. The parties later divorced via Judgment issued on December 21, 2000, in the case <u>Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez</u>, Civil No. KDI 2000-2183 (701), by the Puerto Rico Court of First Instance, San Juan Part. According to the Divorce Judgment, Manuel A. Domenech Rodríguez was ordered to pay $1,500.00 per month in child support for her minor child A.G.D.R. This child support obligation would increase to $2,000.00 per month once the parties transferred to each other their respective interests in two pieces of real property located in San Juan and Humacao, which happened with the execution on November 25, 2002, of Deed No. 303 of *Liquidation and Settlement of Conjugal Partnership and Modification of Mortgage*.

9. Defendant Debtor Mr. Domenech paid $1,500.00 per month in child support from December 2000 until November 2002.

10. Upon execution of Deed No. 303 on November 25, 2002, the child support obligation increased to $2,000.00 per month.

11. From December 2002 until February 2003, Debtor paid only $1,500.00 per month in child support, thereby creating a debt of $1,500.00.

12. From March 2003 until June 2010, Debtor paid only $1,100.00 per month in child support, thereby creating an additional debt of $79,200.00

13. Defendant Debtor Manuel Antonio Domenech Rodríguez filed his Chapter 7 Bankruptcy Petition on June 30, 2010.

3

14. Prior to June 30, 2010, Defendant Debtor Manuel Antonio Domenech Rodríguez accumulated a pre-petition debt for owed child support in the amount of $80,7000.00. As part of his original Petition, Defendant Debtor Mr. Domenech did not include Plaintiffs' claim for child support in any part of the Petition.

15. That prior to June 30, 2010, Defendant's minor daughter A.G.D.R. received Social Security benefits which are not considered child support payments as a matter of law.

16. That prior to June 30, 2010, Defendant's minor daughter A.G.D.R. received from her father certain voluntary gifts, presents and handouts, such as the payment of school tuition, which are not part of the child support payments provided in the Divorce Judgment, and thus cannot be legally credited to Defendants' pre-petition child support debt, as per the Puerto Rico Supreme Court holdings in **Toro Sotomayor v. Colon Cruz**, 2009 TSPR 134 and **Otero Fernandez v. Alguacil**, 116 D.P.R. 733 (1985).

17. That the pre-petition debt for child support owed by Defendant is a "domestic support obligation" as said term is defined in 11 U.S.C. § 101(14A).

18. That on July 27, 2010, Plaintiff Ruth E. Rodríguez Borges filed her *Proof of Claim* in Defendant's bankruptcy case, in which she claimed $80,700.00 in pre-petition domestic support obligation, which is entitled to priority under 11 U.S.C. § 507(a)(1).

19. That Plaintiff's priority claim in the amount of $80,700.00 in pre-petition owed domestic support obligation is exempted from discharge as per 11 U.S.C. § 523(5) & (15).

20. That on August 12, 2010, Defendant Debtor Mr. Domenech filed an *Objection* (**Dkt. #20**) to Mrs. Rodríguez' claim for claimed $80,700.00 in pre-petition domestic support obligation. In addition, Defendant Debtor Mr. Domenech also filed an *Amended Schedule E* (**Dkt. #21**) in which he

4

disputed Mrs. Rodríguez' claim, asserted (incorrectly) that the claim was only for $9,024.00, and then stated that he accepted $3,244.00 of his pre-petition arrears in his child support obligation. In other words, Defendant Debtor Mr. Domenech is factually and legally disputing both the nature and the amount of the claim asserted by Plaintiff.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

21. Plaintiff hereby reasserts the averments contained in Paragraphs 1-20.

22. There is currently a factual and legal dispute regarding to the nature and amount of Plaintiffs' claim in bankruptcy for owed pre-petition child support, that is ripe for adjudication via a declaratory judgment.

23. Plaintiff hereby requests that the Honorable Court find and declare that Defendant Debtor Mr. Domenech owes his daughter A.G.D.R. $80,700.00 in pre-petition child support.

24. Plaintiff further requests that the Honorable Court find and declare that, as a matter of federal and state law, any payments received by A.G.D.R. in Social Security benefits are not part of the child support obligation imposed on Defendant Debtor Mr. Domenech in the Divorce Judgment issued on December 21, 2000, in the case <u>Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez</u>, Civil No. KDI 2000-2183 (701), and that instead they are federal benefits to which A.G.D.R. was legally entitled to receive by federal law independent of Mr. Domenech's domestic support obligation imposed by state law.

25. Plaintiff further requests that the Honorable Court find and declare that any voluntary gifts, presents and handouts, received by A.G.D.R. from her father Defendant Debtor Mr. Domenech,

including the payment of school tuition, are not part of the child support obligation imposed in the Divorce Judgment, and thus cannot be legally credited to Defendants' pre-petition child support debt, as per the Puerto Rico Supreme Court holdings in **Toro Sotomayor v. Colon Cruz**, 2009 TSPR 134 and **Otero Fernandez v. Alguacil**, 116 D.P.R. 733 (1985).

26. Plaintiff further requests that the Honorable Court find and declare that the debt for $80,700.00 owed by Defendant Mr. Domenech in pre-petition child support is a "domestic support obligation" as said term is defined in 11 U.S.C. § 101(14A), that said pre-petition domestic support obligation is entitled to priority under 11 U.S.C. § 507(a)(1), and that it is exempted from discharge as per 11 U.S.C. § 523(5) & (15).

## SECOND CAUSE OF ACTION
## (COLLECTION AND ENFORCEMENT OF OWED CHILD SUPPORT)

27. Plaintiff hereby reasserts the averments contained in Paragraphs 1-26.

28. Plaintiff hereby seeks and requests the collection and enforcement of the pre-petition child support debt owed by Defendant Debtor Mr. Domenech in the amount of $80,700.00.

29. In view thereof, Plaintiff requests that this Honorable Court enter a money judgment awarding Plaintiff (on behalf of her minor daughter A.G.D.R.) in the amount of $80,700.00 which represents the pre-petition child support owed by Defendant Debtor Mr. Domenech, plus legal interests.

30. Plaintiff further request that the Honorable Court find and declare that Defendant Mr. Domenech is in contempt of the child support obligations imposed in the Divorce Judgment issued on December 21, 2000, in the case Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez, Civil No. KDI 2000-2183 (701), and that it order Defendant Mr. Domenech to pay $80,700.00 owed to his daughter in pre-petition child support under pain of incarceration for civil contempt.

6

31. Plaintiff finally requests that the Honorable Court order Defendant Mr. Domenech to pay Plaintiff an amount no less than $25,000.00 in mandatory attorneys fees under Article 22 of Puerto Rico's Child Support Law, (8 L.P.R.A. § 521(1)), as well as under Puerto Rico Rule 44.1(d) of Civil Procedure on temerity, and under 28 U.S.C. § 1927.

**WHEREFORE**, it is respectfully requested that this Honorable Bankruptcy Court **ENTER THE DECLARATORY AND MONETARY JUDGMENTS** sought herein, as well as the attorneys fees requested herein, plus costs and interests.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on August 19, 2010.

> LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
> Counsel for Plaintiff
> #117 De Diego Ave.,
> Urb. San Francisco,
> San Juan, P.R. 00927-6310
> Tel. (787) 758-1549;
> Fax. (787) 751-1052
> E-mail: lam@prtc.net
> CM/ECF E-Mail: lamelendez@prtc.net
> CM/ECF E-Mail: MelendezAlbizuLaw@gmail.com
>
> /s/Luis A. Meléndez-Albizu, Esq.
> US Dist. Ct of P.R. Bar No. 205703