# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | |
| **MANUEL ANTONIO DOMENECH RODRIGUEZ** | **CASE NO. 10-05835 BKT** |
| | **CHAPTER 7** |
| **Debtor(s)** | **ADVERSARY NO.  10-00144** |
| **RUTH E RODRIGUEZ BORGES** | |
| **Plaintiff** | |
| **MANUEL ANTONIO DOMENECH RODRIGUEZ** | **FILED & ENTERED ON 06/29/2011** |
| **WIGBERTO  LUGO MENDER ,TRUSTEE** | |
| **Defendant(s)** | |

## OPINION AND ORDER

This proceeding is before the Court upon the Plaintiff's Motion requesting Reconsideration of the Court's Opinion and Order [Dkt. No. 35] and the Trustee's Opposition to the Motion for Reconsideration [Dkt. No. 38].  For the reasons set forth below, Plaintiff's Motion for Reconsideration is hereby DENIED

## I. PROCEDURAL BACKGROUND AND DISCUSSION

Plaintiff seeks reconsideration pursuant to Federal Rules of Bankruptcy Procedure 9023, which makes Federal Rules of Civil Procedure 59 applicable to bankruptcy proceedings. This rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 14 days after entry of the judgment."Fed. R. Civ. P. 59(e). In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) *quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise,

noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F 3rd at 7 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct it own errors. <u>White v. New Hampshire Dept. of Employment Security</u>, 455 U.S. 445, 450 (1982).

On March 29, 2011 this Court dismissed the captioned adversary proceeding and denied Plaintiff's request for declaratory judgment [Dkt. No. 35]. On April 12, 2011 Ruth E. Rodriguez Borges ("Plaintiff") filed a Motion for Reconsideration on this Court's Opinion and Order [Dkt. No. 37]; Plaintiff requests that this Court should stay, instead of dismiss this adversary proceeding until the State Court renders a determination on a Motion for Contempt recently filed concerning the alleged domestic support obligations ("DSO") owed. Also, Plaintiff implores that this Court reconsiders her request for Declaratory Judgment, and to enter a partial judgment classifying Debtor's DSO as a priority claim exempt from discharge.

The facts in this case have not changed, Plaintiff has failed to meet its burden for reconsideration under Fed. R. Bktcy P. 9023. Plaintiff should pursue judgment in the State Court to determine if any pre-petition DSO amount is owed. The result would then determine Plaintiff's status as a creditor in Debtor's Chapter 7 Case 10-5835 (BKT).

### III. CONCLUSION

Absent a manifest error of law or newly found evidence, the court is not in a position to alter or amend its previous order. Therefore, Plaintiff's motion to alter or amend the order dismissing the captioned adversary proceeding is hereby denied. The case remains dismissed.

**SO ORDERED.**

**San Juan, Puerto Rico, this 29 day of June, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**